UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BURTON L. WRIGHT,

                Petitioner,

v.

STATE OF IDAHO and TIM
WENGLER,

                Respondents.

Case No. 1:13-cv-00291-REB

**MEMORANDUM DECISION AND
ORDER**

Pending before the Court is Petitioner Burton L. Wright's Petition for Writ of

Habeas Corpus. (Dkt. 3.) Respondents have filed a Motion for Summary Dismissal. (Dkt.

29.) Petitioner has responded to the Motion. (Dkt. 31, 32). Respondents have filed a

Reply. (Dkt. 39.) The Court takes judicial notice of the records from Petitioner's state

court proceedings, lodged by Respondent on October 7, 2013; October 16, 2013; January

10, 2014; February 20, 2014; and April 1, 2014. (Dkt. 17, 20, 28, 36, 49.) *See* Fed. R.

Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge

to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 13.)

**MEMORANDUM DECISION AND ORDER 1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument in unnecessary. D. Idaho Loc. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondents' Motion and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Wright v. State of Idaho*, Case No. 37331, Unpublished Op. No. 371 (Idaho Ct. App. February 25, 2011), which is contained in the record at State's Lodging C-4. The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

Petitioner pleaded guilty in the Fifth Judicial District in Gooding County, Idaho, to one count of felony injury to a child, in violation of Idaho Code § 18-1501(1), as a result of events leading to the death of Petitioner's 17-year-old son in an alcohol-related car accident. (State's Lodging C-4 at 2.) In exchange for Petitioner's guilty plea, three other charges were dismissed. (State's Lodging A-13, A-14.) Throughout plea negotiations and sentencing, Petitioner disputed evidence that he and his son were both drinking alcohol and that they engaged in a car race, admitting only that "he knew or should have known that his son might consume alcohol that evening and that, given this knowledge, he should have prevented his son from driving." (State's Lodging C-4 at 2.)

Petitioner was sentenced to a unified sentence of ten years in prison with five years

fixed. (*Id*.) The judgment of conviction and sentence was issued on September 11, 2007. (State's Lodging A-16.) Petitioner did not file a direct appeal.

On January 9, 2008, Petitioner filed a motion to correct his sentence under Idaho Criminal Rule 35. (State's Lodging A-19.) The trial court denied the motion on January 29, 2008. (State's Lodging A-20.) Petitioner did not appeal.

On October 14, 2008, Petitioner filed a postconviction petition in state court, claiming that his trial counsel rendered ineffective assistance by failing to obtain a mental health evaluation of Petitioner prior to sentencing. (State's Lodging B-1 at 1-3.) The trial court summarily dismissed the petition. (*Id*. at 134-48.) Petitioner appealed, and the Idaho Court of Appeals affirmed. (State's Lodging C-4.) Petitioner filed a petition for rehearing in the court of appeals, which was denied, as well as a petition for review with the Idaho Supreme Court. (State's Lodging C-5, C-7, C-8.) The Idaho Supreme Court denied the petition for review on July 1, 2011, and the remittitur issued the same day. (State's Lodging C-10, C-11.)

On December 4, 2011, Petitioner filed a state petition for writ of habeas corpus. (State's Lodging E-1.) On March 8, 2012, the state district court dismissed the petition prior to service of process because under Idaho law, a habeas petition may not be used "as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceedings under Idaho criminal rule 35 or the uniform post-conviction procedures act, chapter 49, title 19, Idaho Code, and the statutes of limitations imposed therein." Idaho Code § 19-

4203(4). (State's Lodging E-2.) Petitioner did not appeal this dismissal. (State's Lodging E-3.)

Petitioner has served the fixed portion of his sentence. At a parole hearing in March 2012, Petitioner admitted for the first time that he provided his son with alcohol on the night of the accident and was also drinking alcohol himself. (State's Lodging D-1 at 2.) Petitioner told the parole commission that he was following his son home in another car when the accident occurred.

The commission granted Petitioner a tentative parole date of March 13, 2013. (*Id.* at 3.) However, in June 2012, Petitioner was issued a Disciplinary Offense Report (DOR) for an unauthorized financial obligation. (State's Lodging D-2.) Without permission, Petitioner had started a business and had begun to compete with his work-center employer. (*Id.*) As a result of the DOR, the parole commission voided Petitioner's tentative parole date. (State's Lodging D-3.) Petitioner requested reconsideration, apologizing for breaking the rules but stating that the accusations in the DOR were false. The commission denied the request for reconsideration in February 2013. (State's Lodging D-4.)

In the instant Petition, Petitioner asserts seven claims. (*See* Dkt. 3.) Claim One asserts that Petitioner is innocent. Claim Two asserts ineffective assistance of counsel. Claim Three alleges malicious prosecution and violations of the Eighth Amendment. Claim Four asserts that the prosecution breached Petitioner's plea agreement. Claim Five

asserts that trial counsel should have requested a competency hearing. Claim Six alleges that the trial judge was biased. Finally, Claim Seven asserts that Petitioner was denied his right to due process when he was denied parole and stripped of his tentative release date.

## PRELIMINARY MOTIONS

**1.**  **Motions for Extensions of Time and for Leave to File Oversize Brief (Dkt. 23, 26, 38), and Motion to Seal (Dkt. 37)**

As an initial matter, the Court finds good cause to grant Respondents' two motions for extensions of time; thus, the Motion for Summary Dismissal is deemed timely. Petitioner's objection that the Court lacks authority to extend the deadline, under Federal Rule of Civil Procedure 6(b)(2), is misplaced. (*See* Dkt. 31.) Rule 6(b)(2) prohibits a federal court from extending time for motions made under certain rules, but a motion for summary dismissal under the Rules Governing Section 2254 Cases is not among them.

The Court will also grant Respondents' Motion for Leave to File Excess Pages, as well as their Motion to Seal State's Lodging B-3, Petitioner's psychological report submitted in support of his state petition for postconviction relief. (*See* Notice of Lodging Third Supplemental State Court Records, Dkt. 36.)

**2.**  **Motion to Add Memorandum (Dkt. 14), and Motion to Introduce Citations (Dkt. 35)**

Petitioner has moved to add a memorandum into the record "to support and clarify" the claims in the Petition and to add as a respondent Jason Ellis, the current warden of the prison where Petitioner is confined. This motion will be granted in part.

**MEMORANDUM DECISION AND ORDER  5**

The new warden will not be substituted as a respondent because, as explained below, the Petition is subject to summary dismissal and the inclusion of Mr. Ellis as a respondent is unnecessary. However, the Court will grant the motion to the extent it seeks only to clarify the claims in the Petition. The Court will also grant Petitioner's Motion to Introduce Citations. The Court has considered all of Petitioner's submissions, along with the entire record in this case.

3.    **Motion for Reconsideration (Dkt. 15)**

Petitioner has also filed a Motion for Reconsideration of the Court's denial, in its Initial Review Order (Dkt. 9), of Petitioner's motion for summary judgment. The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

The Court does not find sufficient cause to reconsider its denial of Petitioner's summary judgment motion. Respondents have not answered the petition on the merits. Rather, the Court must first determine whether the Petition is subject to summary

MEMORANDUM DECISION AND ORDER  6

dismissal. As explained below, the Petition will be dismissed. Therefore, Petitioner's

Motion for Reconsideration will be denied.

**4.      Request for Interlocutory Injunction and Relation Back (Dkt. 22)**

The Court will deny Petitioner's motion for an interlocutory injunction and motion

to "redesignate Dkt. 15 under Rule 15(c)(1)(B) and 'relation back.'" (Dkt. 22 at 1.) The

request to treat Petitioner's previous memorandum (Dkt. 15) as an amendment to the

petition—rather than a clarification of the claims in the initial Petition—will be denied

because the amendment would be futile. First, nearly all of the claims asserted in the

proposed amendment either (1) are based on alleged violations of state law or the Fourth

Amendment, claims which are not cognizable on federal habeas review, *see Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of

state law."); *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that a federal court

cannot grant habeas relief on Fourth Amendment grounds so long as petitioner had a full

and fair opportunity to litigate the issue in state court); or (2) invoke federal criminal

statutes or rules governing federal criminal procedure, which do not apply in this civil

habeas corpus proceeding under 28 U.S.C. § 2254. Second, Petitioner's remaining claim

in the memorandum—that the grand jury indictment clause of the United States

Constitution applies to the states through the Fourteenth Amendment—is foreclosed by

*Hurtado v. California*, 110 U.S. 516 (1884) (holding that due process does not require a

state grand jury indictment). This Court has no authority to overrule decisions of the

**MEMORANDUM DECISION AND ORDER  7**

United States Supreme Court.

Petitioner's request for an injunction will be denied because, as explained below, the Petition is subject to summary dismissal, and Petitioner thus has no probability of success on the merits of his claims. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth the requirements for a preliminary injunction).

**5.      Motion for Judicial Notice (Dkt. 46)**

Petitioner asks that the Court take judicial notice of certain "facts," such as the alleged conduct of state officers during the course of the criminal proceedings against Petitioner. However, these are not the sort of adjudicative facts "whose accuracy cannot reasonably be questioned" and are therefore not properly subject to judicial notice. *See* Fed. R. Evid. 201. Therefore, Petitioner's Motion for Judicial Notice will be denied.

**6.      Motion Objecting to State's Docs 38 and 39, and Every Doc Filed after Dec. 5, 2013 (Dkt. 47)**

Petitioner has filed a motion objecting to all of Respondents' submissions filed after December 5, 2013, contending that the filings are untimely under Rule 6(b)(2). As explained above, however, Rule 6(b)(2) does not prohibit the Court from extending the time to file a motion for summary dismissal, and it has found good cause to do so. Therefore, Petitioner's motion objecting to Respondents' submissions on timeliness grounds—which is construed as a motion to strike—will be denied.

**7.    Motion for Discovery (Dkt. 33)**

In Petitioner's response to the Motion for Summary Dismissal, Petitioner includes

a motion for discovery under Rule 6 of the Rules Governing Section 2254 Cases. This

motion will be denied because it is clear from the face of the Petition that Petitioner's

claims are subject to summary dismissal. Therefore, discovery is unnecessary.

**RESPONDENTS' MOTION
FOR SUMMARY DISMISSAL**

The state argues that Claims One through Six are barred by the statute of

limitations and that all of Petitioner's claims are procedurally defaulted. The Court need

not address the state's procedural default argument because it concludes that Claims One

through Six of the Petition are time-barred and that Petitioner is not entitled to relief on

Claim Seven.

**1.    Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to

summarily dismiss a petition for writ of habeas corpus or claims contained in the petition

when "it plainly appears from the face of the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court." In such case, the Court construes

the facts in the light most favorable to the petitioner.

**2.    Claims One Through Six Are Barred by the Statute of Limitations**

**A.    *Standard of Law***

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24,

1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Title 28 of the United States Code § 2244(d)(1) provides that the

statute of limitations period is triggered by one of four events:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's first six claims,[1] which arise from his conviction and sentence, involve

subsection (d)(1)(A)—his conviction became final on the date of the conclusion of direct

review or the expiration of the time for seeking such review. Direct review of a

conviction includes the opportunity to file a petition for a writ of certiorari in the United

States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as

---

[1] Claim Seven of the Petition arises from the parole commission's 2013 revocation of Petitioner's tentative parole date, and therefore that claim was timely filed. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—*when the time for pursuing direct review in this Court, or in state court, expires.*

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (emphasis added). Because Petitioner did not file a direct appeal, his conviction became final on October 23, 2007, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a). Thus, the statute of limitations began to run on that date.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

If, after applying statutory tolling, a petition is still deemed untimely, a federal

court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the claims are otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Although a petitioner asserting actual innocence (as opposed to equitable tolling) to overcome the statute of limitations need not prove diligence, "a court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *McQuiggen*, 133 S. Ct. at 1935 (internal quotation marks and alterations omitted).

**B.**     *The Petition Was Not Timely Filed*

Absent tolling, the statute of limitations period for Petitioner's first six claims would have expired on October 23, 2008, one year after his conviction became final. Petitioner filed his initial Petition in this Court, at the earliest, on June 28, 2013. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases. Therefore, Claims One through Six of the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

i.     <u>Statutory Tolling</u>

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, Petitioner is entitled to statutory tolling for the period during which his Rule 35 motion for reduction of sentence was pending in the state courts. *See Wall*, 131 S. Ct. at 1286-87 (determining that a motion to reduce sentence under Rhode Island law tolled the statute of limitations pursuant to § 2244(d)(2)).

The time before a petitioner files an initial application for collateral review in

state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Exactly 78 days of the limitations period had already passed between the date Petitioner's conviction became final (October 23, 2007) and the date Petitioner filed his Rule 35 motion (January 9, 2008). Because 2008 was a leap year, Petitioner had 288 days remaining (366 days minus 78 days) when the limitations period stopped running on January 9, 2008.

Petitioner's Rule 35 motion was denied on January 29, 2008, and Petitioner had 42 days to file an appeal under Idaho law. Because Petitioner did not appeal the denial of his Rule 35 motion, the statute of limitations began running once more 42 days later, on March 11, 2008.

The statute of limitation stopped again on October 14, 2008, when Petitioner filed his petition for postconviction relief in state court. Thus, the statute had run for an additional 217 days between the date Petitioner's appeal period for his Rule 35 motion expired (March 11, 2008) and the date he filed his postconviction petition (October 14, 2008).

The limitations period remained tolled until July 1, 2011, when the Idaho

Supreme Court issued its remittitur in Petitioner's appeal from the trial court's dismissal of his postconviction petition. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001) (noting that a decision is final when the remittitur is issued). At that point, 71 days remained in the limitations period (288 days minus 217 days). Petitioner's federal habeas petition was therefore due on September 10, 2011 (71 days after July 1, 2011). Because that date was a Saturday, Petitioner had until Monday, September 12, 2011, to file his petition with respect to Claims One through Six. Therefore, even taking into account statutory tolling, Claims One through Six were filed approximately 21 months too late.[2]

Because Petitioner is entitled only to limited statutory tolling, Claims One through Six can be deemed timely only if Petitioner is also entitled to equitable tolling.

### ii.   Equitable Tolling

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066

---

[2] Because Petitioner's state habeas petition was filed in December 2011, *after* AEDPA's one-year statute of limitation had already expired, that petition could not have tolled the statute of limitations for any length of time. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

(9th Cir. 2002). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Petitioner raises an issue with respect to his mental condition that can be construed as an equitable tolling argument. Petitioner states, "[I]t is very clear that I did not understand the charge, or the plea agreement." (Dkt. 33 at 9.) However, Petitioner does not identify the length of time during which he was allegedly mentally incapable of pursuing his rights, and the record does not establish that Petitioner's mental state constituted an extraordinary circumstance for purposes of equitable tolling.

Further, the Court has reviewed and considered the psychological evaluation conducted approximately two years after Petitioner's conviction. Although Petitioner was certainly distraught over the death of his son and suffered from depression and post-traumatic stress disorder, nothing in the report suggests that he was so mentally disturbed that he lacked the ability to act in his own interest during the time period in question. (*See* States' Lodging B-3.) The Court therefore cannot conclude either that Petitioner pursued his rights diligently or that extraordinary circumstances actually caused the untimely assertion of Claims One through Six. *See Ramirez*, 571 F.3d at 997. Additionally, although Petitioner states that during state court proceedings his counsel

failed to present evidence that was not contained in the record on direct appeal (Dkt. 33 at 3), he does not provide any specific facts regarding when he discovered his attorney's alleged failure or whether that failure prevented Petitioner from filing his Petition in a timely manner.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Therefore, Claims One through Six must be dismissed unless Petitioner can show that he is actually innocent.

### iii. Actual Innocence

As noted above, a petitioner may avoid the statute of limitations bar based on actual innocence only if he establishes that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" or, stated inversely, that *every* reasonable juror would vote to acquit. *Lee*, 653 F.3d at 937. This is an extremely demanding standard, one that is satisfied in very few cases. Types of evidence that can establish actual innocence include credible declarations of guilt by another, reliable eyewitness accounts, and exculpatory scientific evidence. *See Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), and *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner claims that he is innocent of the crime to which he pleaded guilty.[3]

---

[3] The fact that Petitioner pleaded guilty, by itself, does not necessarily prohibit him from asserting actual innocence to avoid a timeliness bar. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (stating, in the context of a procedurally defaulted claim, that "Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error

However, other than bare assertions of his innocence, Petitioner states only that the trial court "had no probable cause," that the prosecution "failed to charge an offense," that there was "no indictment, no preliminary hearing, no legal information filed," and that the trial court was required to make "findings of fact and conclusions of law." (Dkt. 3 at 11-12.) These allegations are simply insufficient to meet the exacting standard required of a petitioner asserting actual innocence.

Moreover, Petitioner's argument that he is innocent because he did not intend his son to be harmed does not entitle him to the relief he seeks. He was convicted of felony injury to a child, in violation of Idaho Code § 18-1501(1), which requires only that the defendant have "willfully endanger[ed] the child by subjecting the child to a known risk of harm." *State v. Halbesleben*, 75 P.3d 219, 224 (Idaho Ct. App. 2003). Intent to harm is not required—a person commits the crime of felony injury to a child so long as the person *willfully* endangers the child. Petitioner cannot genuinely contend he did not know that allowing his minor son to drive after drinking alcohol, some of which Petitioner illegally provided, placed his son in the known risk and danger of driving under the influence of alcohol.

Petitioner has not established that, more likely than not, every reasonable juror would vote to acquit. His assertion of actual innocence thus does not excuse his failure to timely file his federal Petition with respect to Claims One through Six. Therefore, those

in his plea colloquy has probably resulted in the conviction of one who is actually innocent") (internal quotation marks omitted).

claims are barred by the statute of limitations and must be dismissed.

**3.      Claim Seven Must Be Denied on the Merits**

Claim Seven alleges that the parole commission improperly denied Petitioner

parole when it voided his tentative release date. Regardless of whether Petitioner

properly exhausted Claim Seven in the Idaho state courts, he cannot obtain federal

habeas relief on the merits of that claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for

a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State.").

The Due Process Clause of the Fourteenth Amendment prohibits state action that

deprives a person of life, liberty, or property without due process of law, but a person

cannot obtain relief on a due process claim unless he demonstrates that he was deprived

of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454,

459-60 (1989). As to release on parole, the United States Supreme Court has held that

there is "no right under the Federal Constitution to be conditionally released before the

expiration of a valid sentence, and the States are under no duty to offer parole to their

prisoners." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Therefore, an inmate may

challenge a decision to deny parole only if there is a *state-created* liberty interest in

parole. *Id.* If a state statute governing parole "contains mandatory language and imposes

substantive limitations on the discretion of those making the parole decision," then an

inmate has a state-created liberty interest in parole and may bring a procedural due

process challenge to a parole decision. *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010).

Federal courts look to decisions of the highest state court to determine whether there is a state-created liberty interest in parole. *Sass v. Calif. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (noting that "a State's highest court is the final judicial arbiter of the meaning of state statutes"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d. 546 (9th Cir. 2010) (en banc), *which was in turn abrogated on other grounds by Swarthout*, 131 S. Ct. 859.

In *Banks v. State of Idaho*, the Idaho Supreme Court addressed the liberty interest question. 920 P.2d 905 (Idaho 1996). *Banks* acknowledged the existence of Idaho Code § 20-223, which governs parole commission decisions and contains the phrase "a parole shall be ordered when . . . ." *Id.* at 907. However, the court did not find the statute's "shall" language controlling. Rather, the Idaho Supreme Court relied on Idaho Code § 19-2513—which governs sentencing—noting that it does not contain mandatory language, but instead states that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence." *Id.* at 908.

The *Banks* decision precludes this Court from granting habeas relief on Claim Seven. The Idaho Supreme Court has ruled that there is no state-created liberty interest arising from Idaho's sentencing and parole statutes, and the federal courts must follow that court's interpretation of Idaho law. *See Sass*, 461 F.3d at 1127. Therefore, Claim

Seven must be denied on the merits.

## CONCLUSION

Claims One through Six are barred by AEDPA's one-year statute of limitations, and Claim Seven must be denied on the merits. Therefore, the Court will dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1.    Respondents' Motion for Extension of Time (Dkt. 23) is GRANTED.

2.    Respondents' Second Motion for Extension of Time (Dkt. 26) is GRANTED.

3.    Respondents' Motion for Leave to File Oversize Brief (Dkt. 38) is GRANTED.

4.    Respondents' Motion to Seal (Dkt. 37) is GRANTED. State's Lodging B-3, identified in Respondents' Notice of Lodging Third Supplemental State Court Records (Dkt. 36) is hereby SEALED.

5.    Petitioner's Motion to Add Memorandum (Dkt. 14) is GRANTED IN PART, to the extent set forth above.

6.    Petitioner's Motion to Introduce Citations (Dkt. 35) is GRANTED.

7.    Petitioner's Motion for Reconsideration (Dkt. 15) is DENIED.

8.    Petitioner's Request for Interlocutory Injunction and Relation Back (Dkt.

22) is DENIED.

9.      Petitioner's Motion for Judicial Notice (Dkt. 46) is DENIED.

10.     Petitioner's Motion Objecting to State's Docs 38 and 39, and Every Doc

        Filed after Dec. 5, 2013 (Dkt. 47), construed as a motion to strike, is

        DENIED.

11.     Petitioner's Motion for Discovery (Dkt. 33) is DENIED.

12.     Respondent's Motion for Summary Dismissal (Dkt. 29) is GRANTED.

        Claims One through Six of the Petition are DISMISSED, Claim Seven is

        DENIED, and this entire action is **DISMISSED with prejudice**.

13.     Petitioner's Motion for Default Judgment (Dkt. 25) is DENIED.

14.     Petitioner's Motion Requesting the Court to Make Rulings Consistent with

        Two Cases (Dkt. 34) is DENIED as MOOT.

15.     Petitioner's Motion to Support Granting of Habeas Writ Without an

        Evidentiary Hearing (Dkt. 43) is DENIED as MOOT.

16.     Petitioner's Motion Requesting Evidentiary Hearing If Court Deems

        Necessary (Dkt. 48) is DENIED as MOOT.

17.     The Court does not find its resolution of this habeas matter to be

        reasonably debatable, and a certificate of appealability will not issue. *See*

        28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

        If Petitioner files a timely notice of appeal, the Clerk of Court shall

forward a copy of the notice of appeal, together with this Order, to the

United States Court of Appeals for the Ninth Circuit. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that

court.



DATED:  **April 11, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge